# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JULIE SMITH,

      **Plaintiff,**

   v.

MIKE DEWINE, et al.,

      **Defendants.**

                        Case No. 2:14-cv-198
                        JUDGE GREGORY L. FROST
                        Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 5), Defendants' memoranda in opposition (ECF Nos. 14, 15, 16), and Plaintiff's reply memorandum (ECF No. 20). For the reasons that follow, this Court abstains from exercising jurisdiction and dismisses this case.

On February 24, 2014, Plaintiff, Julie Smith, initiated the captioned case in which she seeks a declaration that Ohio Revised Code § 2151.23(A)(2) is unconstitutional and injunctive relief precluding the state actor defendants from applying that statute against her and others who are similarly situated. (ECF No. 1, at Page ID # 29-30.) The crux of Plaintiff's pleading is that the state statute enabled the Franklin County Court of Common Pleas to grant a shared custody petition related to her daughter with a third party. That pleading details Plaintiff's involvement in the relevant state court proceedings, which involved multiple events in the state juvenile court, the state court of appeals, and the Ohio Supreme Court. Eventually, the Ohio Supreme Court declined to accept a discretionary appeal by Plaintiff, which Plaintiff characterizes in her original complaint as "exhausting Plaintiff's remedy in the state courts." (ECF No. 1 ¶ 72.) Plaintiff undercuts this characterization of the status of the state court proceedings in the next paragraph

of her original complaint, however, by then pleading that "[a]n appeal to the United States Supreme Court on the merits of the underlying dispute is pending." (*Id.* at ¶ 73.)

This last factual allegation is important because a federal court looks to the circumstances that exist on the day of the federal complaint's filing in evaluating a case for possible application of the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Danner v. Bd. of Prof'l Responsibility of the Tenn. Supreme Court*, 277 F. App'x 575, 579 (6th Cir. 2008) ("Our . . . inquiry as to the first *Younger* element concerns whether the underlying state proceeding was 'ongoing.' In conducting this inquiry, we have looked previously to the day of the federal complaint's filing."). The day-of-filing circumstances here means that this Court must necessarily abstain from exercising jurisdiction in this litigation.[1]

The analytic chain leading to this conclusion is relatively straightforward. The United States Supreme Court has held that federal court abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, a plaintiff invokes federal jurisdiction for the purpose of restraining state criminal proceedings. *Younger*, 401 U.S. at 55. In other words, *Younger* "advised federal courts to abstain from deciding a matter that would be properly before them but for the pendency of state criminal proceedings in the matter." *Tesmer v. Granholm*, 333 F.3d 683, 688 (6th Cir. 2003), *rev'd on other grounds*, *Kowalski v. Tesmer*, 543 U.S. 125 (2004). The *Younger* doctrine, "which applies to an action seeking injunctive relief, applies as well to prohibit an action seeking declaratory relief when a state criminal prosecution is

---

[1] Although this Court can *sua sponte* raise the abstention issue, *see O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008), it need not do so here because several defendants raised at least part of the issue in their memorandum in opposition. (ECF No. 14, at Page ID # 92-93.)

pending." *Id*. (citing *Samuels v. Mackell*, 401 U.S. 66, 73 (1971)). Notably, the United States Supreme Court has also held that the doctrine applies to civil matters. *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619 (1986); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

Given the possibility of such application in this civil context, the Court turns to the Sixth Circuit Court of Appeals' recognition that there are "[t]hree requirements . . . for proper invocation of the *Younger* doctrine: (1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990) (citing *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432). The Court finds that each requirement for invocation of the doctrine exists here.

As noted, to determine whether on-going state judicial proceedings are involved, this Court must look at the circumstances that existed on the day on which Plaintiff filed her complaint. *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000) ("The first element of *Younger* abstention is satisfied if a state court proceeding was pending when [the plaintiff] filed [the] federal complaint."). Plaintiff's complaint informs the Court that on the day she filed in federal court, an appeal to the United States Supreme Court was pending. This matters because "[i]f the state proceeding was pending at the time of the filing, [a federal court must] consider the matter ongoing for purposes of the first *Younger* question." *Danner*, 277 F. App'x at 579 (citing *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003)). Moreover, "[t]he action 'remains pending until a litigant has exhausted his state appellate remedies.' " *Id.* (quoting *Loch*, 337 F.3d at 578). The facts here satisfy the "state appellate remedies" concern because a certiorari petition

3

pending in or an appeal accepted by the United States Supreme Court means that the state process has not been exhausted.

Underlying this conclusion is the rationale that the state proceedings are not complete until they are final. Another judicial officer outside this District has explained that a "court should not consider [a] plaintiff's constitutional claims until their resolution, in the context of the state proceedings, is final." *Dostert v. Neely*, 498 F. Supp. 1144, 1152 (D.C. W. Va. 1980). That district judge correctly explained that "[f]or abstention purposes, such finality will not be achieved until review in the United States Supreme Court either has been concluded or is no longer possible." *Id.* Thus, a federal district court "must abstain until the opportunity for review of the highest state court's decision in the United States Supreme Court no longer exists, unless, of course, one of the exceptions to the *Younger* doctrine applies." *Id.*

This reasoning tracks the analysis of other courts and recognizes that exercising jurisdiction before the state proceedings are truly finalized would risk a situation in which a reversal and remand would provide for a state court proceeding concurrent with a federal proceeding, both of which turn on the same constitutional issue. *See Hicks v. Miranda*, 422 U.S. 332, 350 n.18 (1975) (*Younger* case including United States Supreme Court appeal as part of the process); *Baffert v. Calif. Horse Racing Bd.*, 332 F.3d 613, 620 (9th Cir. 2003) (same); *Ballard v. Wilson*, 856 F.2d 1568, 1571 (5th Cir. 1988) (same).

Thus, given the day-of-filing circumstance of the appeal to the United States Supreme Court, this Court recognizes the existence of on-going state judicial proceedings. Although Plaintiff attempts to spin her federal claims as distinct from her state proceedings, her arguments as to the issues involved, the injury of which she complains that the application of the state

4

statute effectuated, and the relief she seeks all undercut her self-serving characterizations. The abstention doctrine properly applies; as the Sixth Circuit has noted, "*Younger* was a civil rights action and we have consistently extended its principles to actions filed pursuant to § 1983." *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995).

The existence of on-going state proceedings leads to whether the second *Younger* factor exists here: that those proceedings implicate important state interests. It is beyond dispute that child custody and parental rights constitute important state interests. *See Meyers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001) (*Younger* abstention case stating that "cases out of the Supreme Court and this Court make it clear that abstention is generally appropriate in matters of family relations such as child custody"). *See also Hughes v. Hamann*, 23 F. App'x 337, 337 (6th Cir. 2001).

It is also beyond dispute that there is no factual basis in the record before this Court permitting the conclusion that Plaintiff did not have an adequate opportunity to raise her constitutional issues as part of the ongoing state proceedings. This is not an instance, for example, in which " 'state law clearly bars the interposition of constitutional claims.' " *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432 (quoting *Moore v. Sims*, 442 U.S. 415, 426 (1979)). The burden is on Plaintiff to demonstrate that " 'state procedural law barred presentation of [her] claims.' " *Tesmer*, 333 F.3d at 689 (quoting *Armco, Inc. v. United Steelworkers of Am.*, 280 F.3d 669, 692 (6th Cir. 2002)). Here, Plaintiff has offered no evidence to indicate that she was unable to raise her constitutional challenges in the state forum. The third *Younger* factor also favors abstention.

None of the possible exceptions disfavoring such abstention are present here. Plaintiff

5

has failed to demonstrate that the exercise of jurisdiction is appropriate by directing to any requisite "extraordinary circumstance" that would make abstention inappropriate. *See Middlesex Cnty. Ethics Comm.*, 457 U.S. at 435 (identifying extraordinary circumstances as bad faith, harassment, or a patently invalid state statute).

Because *Younger* applies, this Court cannot afford Plaintiff the injunctive relief she seeks. *See Sun Refining & Mktg. Co.*, 921 F.2d at 639 ("when a case is properly within the *Younger* category of cases, there is no discretion on the part of the federal court to grant injunctive relief" (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 n.22 (1976))). *Cf. Wong-Opasi*, 8 F. App'x 340 (holding *Younger* abstention appropriate to § 1983 action in which plaintiff sought a temporary restraining order). The fact that the *Younger* doctrine precludes the exercise of jurisdiction in this action also means that the Court may in its discretion dismiss the case. *See Nimer v. Litchfield Twp. Bd. of Tr.*, 707 F.3d 699, 702 (6th Cir. 2013) (recognizing dismissal when *Younger* applies and injunctive relief is sought); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328 (6th Cir. 2007) (upholding dismissal predicated on *Younger* abstention).

This Court therefore **DENIES** Plaintiff's motion for injunctive relief (ECF No. 5), **ABSTAINS** from exercising jurisdiction, and **DISMISSES** the captioned case without prejudice. The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE