IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JULIE SMITH,

        Plaintiff,                      Case No. 2:14-cv-198
                                            JUDGE GREGORY L. FROST
    v.                                  Magistrate Judge Norah McCann King

MIKE DEWINE, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Julie Smith's motion for reconsideration (ECF No. 30), Defendants' memoranda in opposition (ECF Nos. 32, 33, 34), and Plaintiff's reply memorandum (ECF No. 35). For the reasons that follow, the Court **DENIES** Plaintiff's motion for reconsideration.

On February 24, 2014, Plaintiff, Julie Smith, initiated the present action against Defendants Mike DeWine, Rexann Hosafros, Kathleen Knisely, Elizabeth Gill, the Division of Domestic Relations and Juvenile Branch of the Franklin County Court of Common Pleas, William Klatt, Lisa Sadler, Julia Dorrian, the Tenth District Court of Appeals for the State of Ohio, Maureen O'Connor, the Ohio Supreme Court, William Batchelder, Keith Faber, and John Kasich. The pleadings detail Plaintiff's extensive involvement in state court to oppose shared custody of her daughter with another individual. Plaintiff's central contention is that Ohio Revised Code § 2151.23(A)(2) is unconstitutional and cannot be applied to her and other similarly situated parents.

When Plaintiff filed the instant action, she was waiting for the United States Supreme Court to decide whether to grant her petition for *certiorari* regarding her state custody case. On

1

April 21, 2014, approximately two months after Plaintiff filed the instant federal case, the Supreme Court denied Plaintiff's petition for *certiorari*. In its May 30, 2014 Opinion and Order, this Court refrained from exercising jurisdiction over the instant case, applying the three *Younger* abstention factors and concluding that dismissal without prejudice was appropriate. Plaintiff asks the Court to reconsider this judgment.

A district court may grant a Rule 59(e) motion for reconsideration when there is "a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). A Rule 59(e) motion for reconsideration is an "extraordinary remedy" that "should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *Am. Textile Mfrs. Inst., Inc. v. The Limited, Inc.,* 179 F.R.D. 541, 547 (S.D. Ohio 1997). The decision to grant relief under Rule 59(e) is "left to the district court's sound discretion." *Sessley v. Wells Fargo Bank, N.A.*, 2:11-CV-348, 2012 WL 1552774, at *1 (S.D. Ohio May 1, 2012) (citing *In re Ford Motor Co. Sec. Litig.*, 381 F.3d 563, 573 (6th Cir. 2004)).

Plaintiff has failed to offer grounds warranting the reconsideration she seeks. Her first argument is that dismissal of her case was "inconsistent with the spirit of the *Younger* doctrine." (ECF No. 35, at Page ID # 3.) The *Younger* abstention doctrine requires federal courts to abstain from hearing cases for which they otherwise have jurisdiction when (1) there is an on-going state judicial proceeding, (2) the federal case implicates important state interests, and (3) the plaintiff had an adequate opportunity to raise his or her federal claims. *See Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Plaintiff's primary contention is that *Younger* abstention was inappropriate because the Supreme Court denied *certiorari* before this Court issued its Opinion and Order, and, therefore, this Court would not be interfering with the state court proceedings by hearing Plaintiff's case. To support this argument, Plaintiff cites *Dean v. Mississippi Board of Bar Admissions*, 326 F. App'x 760 (5th Cir. 2009), a case in which the Fifth Circuit declined to apply the *Younger* abstention doctrine because a final decision in the state judicial proceeding was rendered before the Fifth Circuit issued its decision. The rule in the Sixth Circuit, however, is that the on-going state judicial proceeding requirement is met if a "state court proceeding was pending when [the plaintiff] filed [the] federal complaint." *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Here, the complaint was filed on February 23, 2014, almost two months before the Supreme Court denied *certiorari* for Plaintiff's state custody case. Therefore, because Plaintiff's state judicial proceeding was still pending at the time she filed the instant case, Plaintiff's first argument fails.

Plaintiff also argues that the instant case does not implicate important state concerns. She describes the state concerns as being that of "continued deprivation of constitutional rights." (ECF No. 30, at Page ID # 5.) As clarified in this Court's previous Opinion and Order, however, the relevant state concerns are that of "child custody and parental rights," which indisputably constitute important state interests. (ECF No. 28, at Page ID # 5.) *See Meyers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001).

Regarding the final *Younger* factor, Plaintiff argues that the state courts refused to "explain why their decision(s) did not violate her paramount and fundamental rights as a parent." (ECF No. 30, at Page ID # 7.) Therefore, Plaintiff argues, she did not have an adequate opportunity to raise the constitutional issues entwined in her state case. This argument, however,

is a misstatement of the third factor, which instead requires that "state procedural law *barred* presentation of [her] claims." *Armco, Inc. v. United Steelworkers of Am.*, 280 F.3d 669, 692 (6th Cir. 2002) (quoting *Fed. Exp. Corp. v. Tennessee Pub. Serv. Comm'n*, 925 F.2d 962, 970 (6th Cir. 1991)) (emphasis added). In fact, Plaintiff admits that she raised the constitutional issues in her state court proceeding. (ECF No. 30, at Page ID # 7.) That the state courts did not address the issues to Plaintiff's satisfaction does not mean that state law barred Plaintiff from raising her constitutional claims.

Plaintiff also argues that *Younger* abstention is inappropriate because federal courts should only abstain in "exceptional circumstances." *Spring Communications, Inc. v. Jacobs*, 134 S.Ct. 584, 588 (2013). Those circumstances, recently outlined in *Spring Communications*, are "state criminal prosecutions, civil enforcement proceedings, and civil proceedings including certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* Plaintiff interprets *Spring Communications* to exclude custody matters. That interpretation, however, ignores overwhelming precedent that includes custody matters. *See, e.g., Moore v. Sims*, 442 U.S. 415, 435 (1979); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995); *Meyers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x 201, 203 (6th Cir. 2001). Because custody cases are included in the "exceptional circumstances" that warrant *Younger* abstention, this argument opposing *Younger* abstention also fails.

Plaintiff's remaining two arguments are that judicial economy would best be served by granting the motion for reconsideration and that because the state statute is patently unconstitutional, she fits within an exception to *Younger*. The crux of Plaintiff's remaining two arguments is that there has been a manifest injustice, such that reconsideration is appropriate. *GenCorp, Inc.*, 178 F.3d at 834. This Court's application of *Younger*, however, does not result

in a manifest injustice because it does not foreclose consideration of the merits of Plaintiff's claims. Further, there is no clear error of law, as Plaintiff's problem is with an interpretation of the Ohio statute's scope rather than presenting a scenario in which the statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph . . . ." *Huffman v. Pursue Ltd.*, 420 U.S. 592, 611 (1975). Plaintiff's remaining two arguments, therefore, fail to meet the standard required of a motion for reconsideration.

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for reconsideration. (ECF No. 30.)

**IT IS SO ORDERED.**

<u>**/s/ Gregory L. Frost**</u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**